UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY JOHNSON,

                    Plaintiff,

          -against-

QUEENS COUNTY,

                    Defendant.

25-CV-10669 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Otis Bantum Correctional Center (OBCC) on Rikers Island, brings this action *pro se*. Plaintiff asserts claims against Defendant "Queens County" for a false arrest that took place in Far Rockaway, Queens County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names "Queens County" as the sole Defendant in this action, and he alleges that he was subjected to a false arrest in Far Rockaway, in Queens County, New York.[1] Queens County is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because the events giving rise to Plaintiff's claims occurred in Queens County, venue is proper under Section 1391(b)(2) in the Eastern District of New York.

Even if venue is also proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the

---

[1] In addition, Plaintiff notes that, during his pretrial detention at Rikers Island, he was "cut in [his] face" twice. (ECF 1 at 4.) These incidents are alleged to have taken place between July 18-20, 2025, and on August 24, 2025. Plaintiff's complaint does not name any defendant who was personally involved in this incident, and it is unclear if he was assaulted by a detainee, or if he seeks to assert a claim against one or more correction officers for alleged failure to protect him from deliberate indifference to a serious risk of harm. Plaintiff states that he "filed a lawsuit on Rikers Island on both different incidents," (*id.*), though the Court did not locate any such action in this district. If Plaintiff wishes to assert a federal claim arising from these incidents, he can file a separate action (or actions) against the appropriate defendants, if he has not already done so.

chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (discussing deference to plaintiff's choice of venue in context of *forum non conveniens* analysis).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, and it is reasonable to expect that all relevant documents and witnesses also would be in Queens County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 20, 2025
        New York, New York

    /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
    Chief United States District Judge

3